CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 2 8 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 4:96-cr-30029-2 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEVEN ONEAL DICKERSON | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |

By order [docket no. 185] entered on April 2, 2008, I denied defendant's 18 U.S.C. § 3582(c)(2) motion seeking recalculation of his sentencing guidelines range pursuant to Amendment 706 to the United States Sentencing Guidelines, regarding crack cocaine sentencing, and a corresponding reduction of his sentence. I stated the following grounds for the denial: "Defendant served his 120-month term and began his term of supervised release on January 24, 2005. He subsequently violated the conditions of release and is currently serving a revocation sentence. He is ineligible for a reduction of this sentence, pursuant to USSG Section 1B1.10, comment (n.4)."

The case is now before the court upon consideration of defendant's motion [docket no. 186] for reconsideration of the court's denial. The court's review of the record affirms that defendant is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the U.S.S.G.* Accordingly, defendant's motion [docket no. 186] requesting reconsideration of the

---

* Defendant states that he "is in concurrence with the Court's Order that pursuant to United States Sentencing Guidelines § 1B1.10, comment (n.4), that he is ineligible for a reduction of his sentence while currently serving a revocation sentence." Nonetheless, defendant asserts that, "[o]n the advice of [his] previous privately retained counsel, . . . it was "determined to omit [his] post-sentencing 'substantial assistance' assertion proffered during a debriefing on or around January 5, 2007, resulting in the arrest and conviction of a Henry County Sheriff's law Enforcement," which allegedly "took place in the Roanoke city Jail subsequent to [defendant's] Revocation arrest on December 28, 2006." In defendant's view, I should consider defendant's "eligibility for . . . substantial assistance in determining the new sentence under § 3582(c)(2)." The fact remains, however, that defendant is currently serving a revocation sentence, and he is ineligible for a reduction of this sentence.

Furthermore, defendant is advised that a motion to reduce sentence based upon a defendant's provision of substantial assistance is generally considered by a court "[u]pon the government's motion." See Fed R. Crim.
(continued...)

court's order of April 2, 2008, will be **DENIED**.

The Clerk is directed to send a certified copy of this order to the defendant.

**ENTER:** This 28th day of April, 2008.

                                                            Jackson L. Kiser
                                                            Senior United States District Judge

---

*(...continued)
P. 35(b); 18 U.S.C. § 3553(e). In limited circumstances, not present here, a federal district court has the authority to review a prosecutor's decision not to file a Rule 35(b) motion. The court has authority to review a prosecutor's decision where: (1) the prosecutor's discretion to file has been superseded by an agreement to file a Rule 35(b) motion; or (2) the prosecutor's refusal to file "was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-186 (1992); see also United States v. Snow, 234 F.3d 187, 191 (4th Cir. 2000). An unconstitutional motive would be, for example, one based on an impermissible factor such as race or religion, or a motive not rationally related to a legitimate government end. Wade, 504 U.S. at 186; United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). To trigger the court's review of a prosecutor's decision, however, a defendant must do more than claim he provided assistance or allege that the United States acted in bad faith. He must make a "substantial threshold showing" of one of the qualifying circumstances. Id. Assuming the court could construe defendant's motion as a motion to compel the government to file a motion for a reduction of sentence, pursuant to Fed. R. Crim. P. 35(b), or as a motion to vacate, set aside, or correct a federal sentence, pursuant to 28 U.S.C. § 2255, defendant has not made that requisite showing.
    Out of an abundance of caution, defendant is further advised that, as a general matter, there is no right to a hearing and the assistance of counsel on consideration of a motion for reduction of sentence under § 3582(c). See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'"), quoting United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999).